IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN M. WILSON, and
KRISTINE R. WILSON,
individuals and Oregon
residents,

          Plaintiffs,

  v.

PHH MORTGAGE CORPORATION, a
New Jersey Corporation, NEWREZ LLC,
a Delaware Limited Liability Company,
DEUTSCHE BANK TRUST COMPANY,
a New York Corporation, QUALITY
LOAN SERVICE CORPORATION of
WASHINGTON, a Washington
Corporation, McCARTHY & HOLTHUS,
LLP, a California Limited Liability
Partnership, and HOLLYVALE RENTAL
HOLDINGS LLC, a California
Corporation,

          Defendants.

No. 3:22-cv-00830-HZ

ORDER

1 – ORDER

HERNÁNDEZ, District Judge:

## BACKGROUND

Plaintiffs, John M. Wilson and Kristine R. Wilson, bring this action against various Defendants related to a loan on their residential real property located in Washington County, Oregon. Plaintiffs allege that Defendant PHH entered into a "foreclosure avoidance measure" with Plaintiffs as that term is defined under Oregon statute. According to Plaintiffs, Defendants claimed to have suspended the scheduled foreclosure after agreeing to a "Repayment Plan" with Plaintiffs, wherein Plaintiffs agreed to make a roughly $32,000 down payment and to make increased monthly payments. Compl. 9–10. Indeed, attached to Plaintiffs' complaint is an email, allegedly from Defendants' agent, stating that "The foreclosure on the account was suspended on April 15, 2022." Compl. Ex. 3. But Plaintiffs allege that despite this agreement, Defendant PHH, acting on behalf of Defendant Deutsche Bank and at the direction of Defendant Quality Loan (or Defendant McCarthy) improperly held a nonjudicial foreclosure sale of their residence and sold the property to Defendant Hollyvale.

In their Complaint, Plaintiffs assert the following claims: (1) a claim for a declaratory judgement that Plaintiffs and PHH entered into a "foreclosure avoidance measure" as that term is defined under Oregon Revised Statute 86.707; (2) a claim for specific performance of the Repayment Plan; (3) a claim for declaratory judgment against all Defendants that the Trustee Sale held on May 31, 2022 is void under Oregon law; (4) a breach of contract claim against PHH for breaching the implied duty of good faith and fair dealing in the original Loan; (5) a RESPA claim against PHH under 12 CFR § 1024.35(b)(10) (improperly moving for foreclosure judgment or order of sale) and § 1024.35(b)(11) (any other error while servicing a Loan); and (6) an Oregon Unlawful Trade Practices Act claim against PHH alleging that PHH employed unconscionable tactics regarding servicing the loan and the alleged Repayment Plan, in violation of ORS §

646.608(1)(u) and OAR 137-020-0805. Plaintiffs seek damages, costs, attorney's fees, and punitive sanctions.

Now, Plaintiffs seek a Temporary Restraining Order enjoining Defendant Quality Loan from issuing a Trustee's Deed to Defendant Hollyvale. TRO 1.

## STANDARDS

Under Rule 65(b), a TRO may issue without notice to the opposing party or its attorney only if the movant shows (1) through "specific facts in an affidavit or a verified complaint" that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[,]" and (2) that "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

The standard for a temporary restraining order (TRO) is "essentially identical" to the standard for a preliminary injunction. *Chandler v. Williams*, No. CV 08-962-ST, 2010 WL 3394675, at *1 (D. Or. Aug. 26, 2010) (citing *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)); *see also Daritech, Inc. v. Ward*, No. CV–11-570–BR, 2011 WL 2150137, at * 1 (D. Or. May 26, 2011) (applying preliminary injunction standard to motion for TRO). "A plaintiff seeking a preliminary injunction must establish that he is likely

3 – ORDER

to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008)). "The elements of [this] test are balanced, so that a stronger showing of one element may offset a weaker showing of another. For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Similarly, serious questions going to the merits, coupled with a balance of equities that tips sharply in a plaintiff's favor, will support the issuance of an injunction if the other elements of the test are met. *Id.* at 1134–35 (internal citations omitted). Still, a TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Ordinarily, Federal Rule of Civil Procedure 65(c) permits a court to grant preliminary injunctive relief "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." "Despite the seemingly mandatory language," the Ninth Circuit has explained that "Rule 65(c) invests the district court with discretion as to the amount of security required, if any." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotation marks and citations omitted).

### DISCUSSION

*Likelihood of Success on Merits.* Plaintiffs argue that they have raised "serious questions as to whether the foreclosure sale was completed in compliance with Oregon law." TRO 4. The Court agrees. Accepting the allegations in the Complaint as true, the following picture emerges: (1) Plaintiffs and Defendants were working together to modify Plaintiffs' loan and prevent

4 – ORDER

foreclosure; (2) Plaintiffs and Defendants reached a Repayment Agreement whereby Plaintiffs promised to make a lump sum payment and increased monthly payments; (3) after reaching agreement, Defendants stated that "The foreclosure on the account was suspended on April 15, 2022," *see* Compl. Ex. 3; and (4) despite stating that the foreclosure was suspended, Defendants foreclosed on the property and sold it to Defendant Hollyvale in late May 2022—without notifying Plaintiffs. These allegations embody a serious transgression by Defendants, and if Plaintiffs can prove they are true, they could succeed under myriad legal theories: breach of contract, Oregon Unfair Trade Practices Act, RESPA, and perhaps more. But the obviously unlawful nature of Defendants' alleged conduct obviates the need to analyze each potential claim in depth. At this stage in the proceedings, the Court is confident that Plaintiffs have, at a minimum, raised "serious questions going to the merits." *All. for the Wild Rockies*, 632 F.3d at 1131. This factor weighs strongly in Plaintiffs' favor.

*Irreparable Harm.* If Defendant Quality Loan were to issue the Trustee Deed to Defendant Hollyvale, Defendant Hollyvale could use that deed as prima facie evidence that the foreclosure sale was conducted lawfully. Given the obviously unlawful nature of the aforementioned proceedings, at least as Plaintiffs have alleged them, allowing the sale to be deemed lawful represents "a significant threat of irreparable injury." *See Dep't of Parks & Recreation for State of Cal. v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1123–24 (9th Cir. 2006) (internal quotation marks and citations omitted). This factor too weighs strongly in Plaintiffs' favor.

*Balance of Equities.* "To qualify for injunctive relief, plaintiffs must establish that "the balance of equities tips in [their] favor." *Winter,* 129 S.Ct. at 374. In assessing whether plaintiffs have met this burden, the Court has a "duty ... to balance the interests of all parties and weigh the damage to each." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138 (9th Cir. 2009).

5 – ORDER

Here, Plaintiffs would be severely damaged should the sale be deemed lawful. And Defendants are unlikely to be damaged given the amount of equity in the home, which is unlikely to be affected by these proceedings or any delay in transferring the Deed. In short, Defendants appear to have obtained an extremely good deal, and they will not be significantly burdened by waiting to have that deal sanctified. This factor weighs strongly in Plaintiffs' favor.

*Public Interest & Summary*. The public has an interest in ensuring that foreclosures operate in accordance of law, but it also has an interest in the timely transfer of property interests. This factor does not weigh strongly in either parties' favor. On the whole, the Court concludes the balance of hardships tips sharply in Plaintiffs' favor, and there are at least serious questions as to the merits of Plaintiffs' various claims.

## CONCLUSION

Plaintiffs' Motion for a Temporary Restraining Order [2] is granted.[1] Defendant Quality Loan is enjoined from issuing a Trustee's Deed for the property at issue to Defendant Hollyvale. This Temporary Restraining Order will expire within 14 days of its issuance. A hearing on the preliminary injunction will be scheduled at the earliest possible time after conferring with the parties. *All. for the Wild Rockies*, 632 F.3d at 1131.

IT IS SO ORDERED.

DATED:      June 8, 2022      .

                                                 *Marco Hernandez*
                                               MARCO A. HERNANDEZ
                                               United States District Judge

---

[1] The Court concludes that because it is unlikely Defendants will suffer damages or significant costs from this Temporary Restraining Order, no bond is required. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003). Further, to the extent that certain Defendants have not yet received actual notice of these proceedings, the Court notes that Plaintiff has notified Defendant Quality Loan, the party alleged to have possession of the Trustee Deed, i.e., the party who is enjoined from issuing that Deed.

6 – ORDER